UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES F. BRUSCO,

      Plaintiff,

   v.

HARLEYSVILLE INSURANCE COMPANY,

      Defendant.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 14-914
(JEI/JS)

**OPINION**

**APPEARANCES:**

HARBATAKIN AND LEVASSEUR, P.A.
By:  Audwin F. Levasseur, Esq.
2400 Lemon Avenue
Suite 207
Fort Lee, New Jersey 07024

and

THE VOSS LAW CENTER
By:  Scott G. Hunziker, Esq.
26619 Interstate 45
The Woodlands, Texas 77380
    Counsel for Plaintiff

MARGOLIS EDELSTEIN
By:  Catherine S. Straggas, Esq.
The Curtis Center
Suite 400E
170 S. Independence Mall West
Philadelphia, Pennsylvania 19106
    Counsel for Defendant

**IRENAS**, Senior District Judge:

    Plaintiff James Brusco brings this breach of contract claim

with two counts, one pursuant to state law and one pursuant to

the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-
4129, against Harleysville Insurance Company, referred to here
as Nationwide Mutual Fire Insurance Company ("Nationwide").[1]
Pending before the Court is Nationwide's motion to dismiss both
claims as barred by the statute of limitations.  In the
alternative, Nationwide moves to dismiss Brusco's prayer for
consequential damages and attorney's fees.  Nationwide's motion
is unopposed.  For the following reasons, Nationwide's motion to
dismiss both claims will be granted.

**I.**

This suit concerns the adjustment of an insurance claim
under a policy placed through the National Flood Insurance
Program.  (Compl. ¶¶ 5, 7.)  The National Flood Insurance
Program ("NFIP") is a federally supervised insurance program
established by the National Flood Insurance Act of 1968 ("NFIA")
and administered by the Federal Emergency Management Agency
("FEMA"), which guarantees and subsidizes flood insurance.  *See*
44 C.F.R. §§ 59-79 (2013).  All subsidized flood insurance must
be sold as a standard, unaltered policy, and the terms of the

---

[1] The Plaintiff names Harleysville Insurance Company as the Defendant in this
action.  The Defendant's Motion to Dismiss and Corporate Disclosure Statement
explains that Harleysville Insurance Company was incorrectly named and that
the correct Defendant is Nationwide Mutual Fire Insurance Company.
Throughout this Opinion, the Court will refer to the Defendant as Nationwide.
However, when Harleysville Insurance Company appears in the exhibits,
Harleysville will be referenced.

policy are governed by the NFIA and its corresponding regulations.[2]  *Id.*  FEMA authorizes private insurance companies, such as Nationwide, to participate in the program as Write-Your-Own ("WYO") Companies, administering standard form policies, paying any excess from premiums to the federal government, and acting as "fiscal agents" of the United States.  44 C.F.R. § 62 app. A (2013).  Ultimately the United States Treasury bears the financial risk of these policies and pays any insured's claims extending beyond the value of premiums paid.  *Id.*

According to the Complaint, Plaintiff James Brusco purchased a Standard Flood Insurance Policy ("SFIP"), policy number 99014814812012, for his residential property located at 8 South Barclay Avenue, Margate City, New Jersey.  (Compl. ¶ 5.) Harleysville issued the standard policy in accordance with the NFIA.  (Id.)  Within the policy period, on October 29, 2012, Hurricane Sandy struck New Jersey, severely damaging the covered property.  (Id.)  Following the storm, Brusco submitted a claim for the damages to the insured property in order to "begin the rebuilding process."  (Id.)  Brusco states that he had paid all premiums on time.  (Id. ¶ 6)  As a result, Brusco asserts that

---

[2] The exact form used for a policy is set forth at 44 C.F.R. § 61 App. A(1). Under this provision, Standard Flood Insurance Policies for individual homes must be issued using precisely this form.

3

his claim was improperly adjusted and that he did not receive the appropriate payment for his covered property.  (Id. ¶ 7.)

On February 12, 2014, Brusco filed suit in this Court bringing two breach of contract claims, one under state law and one under the NFIA.  (Id. ¶¶ 13, 16.)  Nationwide now seeks dismissal of both claims as barred by the statute of limitations, or, in the alternative, dismissal of Brusco's demand for consequential damages and attorney's fees as not covered by the policy and preempted by the NFIA.  Brusco did not oppose the motion.


## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* FED.R.CIV.P. 8(a)(2).

When considering a Rule 12(b)(6) motion, the reviewing court must accept as true all allegations in the complaint and view them in the light most favorable to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  In reviewing the allegations, a court is not required to accept sweeping legal conclusions cast in the form of factual

4

allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Instead, the complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document forms the basis of a claim when it is "integral to or explicitly relied upon in the complaint." *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

## III.

Before proceeding to the substance of Plaintiff's claims, the Court reviews the basis for subject matter jurisdiction.[3] Under the NFIA, federal district courts hold original, exclusive subject-matter jurisdiction over all suits concerning the

_____

[3] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED.R.CIV.P. 12(h)(3).

handling of an SFIP brought "against the [FEMA] Administrator."
42 U.S.C. § 4072.  This statute apparently only concerns suits
against the Administrator, not a WYO insurance company, but the
Third Circuit has previously held that the provision authorizes
individuals to bring suits against WYO companies.  *Van Holt v.
Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 166 (3d Cir. 1998).

Specifically, the Third Circuit has held that "a suit
against a WYO insurance company is the functional equivalent of
a suit against FEMA" because the WYO is both acting as a fiscal
agent of the United States, and FEMA ultimately bears all
financial responsibility and risk for claims.  *Id.*  In other
words, a suit against a WYO insurer is basically the same as a
suit against the FEMA Administrator, thereby granting subject-
matter jurisdiction over suits against WYO companies.  In
addition, federal jurisdiction over WYO claims is also necessary
to prevent anomalous results when compared to the functionally
equivalent claims brought directly against FEMA.  *Id.* at 167.
Finally, as this case arises under a federal statute, this Court
also has federal question jurisdiction under 28 U.S.C. § 1331.[4]
*Id.* at 167.  Thus, this Court properly holds subject-matter
jurisdiction over Brusco's suit pursuant to 42 U.S.C. § 4072.

---

[4] The Court may properly exercise supplemental jurisdiction under 28 U.S.C. §
1367 to consider Brusco's state-law breach of contract claim.

**IV.**

Nationwide seeks to dismiss both Count I, alleging breach of contract under New Jersey state law, and Count II, alleging breach of contract under the NFIA.  Each is addressed in turn.

**A.**

Despite bringing a state-law breach of contract claim, the doctrine of preemption prohibits Brusco from pursuing Count I against Nationwide.  The Supremacy Clause of the Constitution provides that the laws and treaties of the United States "shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." *Mut. Pharm. Co., Inc. v. Bartlett*, 133 S. Ct. 2466, 2472-73 (2013) (quoting U.S. CONST. art. VI, cl. 2). Preemption provides that federal laws must take precedent over state laws when they conflict.  *Id.*

There are three generally recognized forms of preemption: express preemption, field preemption, and conflict preemption. *Arizona v. United States*, 132 S. Ct. 2492, 2500-01 (2012). Express preemption occurs where Congress explicitly removes a certain power from the states.  *Id.*  Field preemption applies where Congress has codified a "framework of regulation 'so pervasive . . . that Congress left no room for the States to supplement it' or where there is a 'federal interest . . . so

7

dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Id.* at 2501 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). Conflict preemption, the form most relevant to the pending motion, occurs where "compliance with both federal and state regulations is a physical impossibility," or "where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Lozano v. City of Hazleton*, 724 F.3d 297, 303 (3d Cir. 2013) (citing *Arizona*, 132 S. Ct. at 2501 (internal quotation marks and citation omitted)) *cert. denied*, 134 S. Ct. 1491 (2014).

Here, allowing Brusco to proceed on a state law claim would directly hinder Congressional objectives in creating a federally subsidized standard form of flood insurance. *See C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 270 (3d Cir. 2004). "Indisputably a central purpose of the Program [NFIP] is to reduce fiscal pressure on federal flood relief efforts." *Id.* Under the program, WYO insurers "must strictly enforce the provisions [of the NFIP] set out by FEMA and may vary the terms of a Policy only with the express written consent of the Federal Insurance Administrator." *Id.* at 267. As the United States Treasury is ultimately responsible for all claims arising from a SFIP, permitting plaintiffs to bring state-law claims would lead to unavoidable conflict with the specific terms of the program,

8

and ultimately with Congressional aims regarding the efficient administration of federal flood relief efforts.  Such state-law claims would permit plaintiffs, under the authority of a state-law claim, to direct money from the Treasury and would therefore endanger the efficient running of a federal program. Furthermore, the rationale for federal preemption is much the same as the rationale for federal courts having exclusive jurisdiction over suits against WYOs arising out of the administering of SFIPs.  Because suits against WYOs are functionally equivalent to suits against FEMA, preemption ensures uniformity and controls pressure on the U.S. Treasury. *Id.* at 268.  Thus, the NFIA preempts all separate state-law claims concerning the handling of an SFIP.[5]  *Id.* at 270.

Additionally, the current, amended version of the governing regulations strengthens the argument that Congress intended to

---

[5] Both *Van Holt* and *C.E.R.* were decided in reference to state-law tort claims arising out of the handling of a SFIP.  Subsequent disputes concerning the handling of SFIPs have determined that *Van Holt* and *C.E.R.* essentially conclude that "all causes of action involving the adjustment of a claim [under the NFIP] are preempted by federal law."  *See Uddoh v. Selective Ins. Co. of Am.*, No. 13-cv-2719 (SRC), 2014 WL 183815, at *1 (D.N.J. Jan. 16, 2014).

In further support of the application of conflict preemption to Brusco's claim, it is undisputed as a general proposition that "federal law preempts state contract law" when courts consider the interpretation of a WYO contract.  *C.E.R.*, 386 F.3d at 272 (citing *Linder & Associates v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550. (3d Cir. 1999)); *see also Van Holt*, 163 F.3d at 167.  Using federal common law is necessary to ensure uniform interpretation of a federally subsidized and regulated program.  *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 809 (3d Cir. 2005).  The policy should be interpreted "in accordance with its plain unambiguous meaning" set forth in the statute.  *Id.*  It is not interpreted according to state common law doctrines on contracts or insurance.  *See id.*

preempt state law claims. *Id.* at 269 n.6. It states that "all disputes arising from the handling of any claim under the policy are governed **exclusively** by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law." 44 C.F.R. § 61 app. A(1) (emphasis added). The word "exclusively" indicates that state law should have no role in disputes regarding SFIPs. While the Third Circuit has not yet spoken on whether express preemption now applies, other circuits, and at least one district court within the Third Circuit, have found that it does. *E.g., Gunter v. Farmers Ins. Co., Inc.*, 736 F.3d 768, 772 (8th Cir. 2013); *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2007); *Williams v. Standard Fire Ins. Co.*, 892 F. Supp. 2d 615, 620 (M.D. Pa. 2012). Ultimately, conflict preemption under *C.E.R.* applies to Brusco's claim, regardless of whether express preemption also applies.

In this dispute, Brusco brings a breach of contract claim under New Jersey law. Permitting suit under New Jersey law would force the expenditure of federal funds pursuant to state law, thereby impeding Congressional efforts to run an efficient program. As a result, Brusco's state-law claim is preempted and the Court must consider it as though it were brought under federal law. Because Brusco brings a breach of contract claim

under 42 U.S.C. § 4072 in Count II of his Complaint, the Court will dismiss Brusco's state-law claim in Count I.

## B.

Nationwide seeks dismissal of Brusco's federal breach of contract claim by arguing that this count is barred by the statute of limitations.  Specifically, Nationwide asserts that the applicable statute of limitations is the one year limit set forth in § 4072 of the NFIA, which requires that a claim be filed against the FEMA Administrator "within one year after the date of mailing of notice of disallowance or partial disallowance."

As discussed above, the Third Circuit has found that suits against WYOs are functionally equivalent to suits against FEMA and the same statutory limits apply equally to suits against FEMA and WYO providers.  *Van Holt* 163 F.3d at 166.  As a result, the one-year statute of limitations in § 4072, though it speaks only of the Administrator, is controlling in a suit against a WYO company.[6]  *See Lionheart Holding Grp., LLC v. Phila. Contributionship Ins. Co.*, 534 F. Supp. 2d 543, 544 (E.D. Pa. 2008) aff'd sub nom. *Lionheart Holding GRP v. Phila Contribution*

---

[6] Additionally, the SFIP terms set out in 44 C.F.R. § 61 App. A(1) explicitly require that the insured bring suit for any claims they may have under the policy within one year of a written full or partial denial of the claim.

*Ship Ins. Co.*, 368 F. App'x 282 (3d Cir. 2010); *see also Miller v. Am. Banker's Ins. Grp.,* 85 F.Supp. 2d 1297, 1300 (S.D. Fla. 1999) ("This one-year statute of limitations also governs actions to recover against WYO companies under SFIPs." (citing *Spence v. Omaha Indem. Ins. Co.,* 996 F.2d 793, 795 (5th Cir. 1993)).  Accordingly, the one-year statute of limitations is also applicable to a suit against a WYO.  Here, Brusco's suit arises from a SFIP contract with a WYO and is therefore governed by the one-year statute of limitations from the date of a full or partial written denial as set forth in § 4072 and the applicable rules set forth in the code of federal regulations.

To determine whether the one-year statute of limitations bars Brusco's claim, the Court must determine when Brusco's claim was "improperly adjusted," and thus when the statute of limitations for the claim denial began running.  Brusco omits any denial letter with his Complaint, but Nationwide provides a copy of the letter sent to Brusco as an exhibit to its motion papers.

In deciding a motion to dismiss, the Court generally considers only the facts set forth in the complaint, exhibits attached to the complaint, and facts existing in the public record.  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  However, a court may also "consider an undisputedly authentic document that a defendant

12

attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.*

In *White,* the plaintiff did not attach a copy of the contract at issue in his breach of contract suit. *Id.* Because the plaintiff's claim was "based" on the "undisputedly authentic document" submitted by the defendant, the court could properly consider the contract. *Id.* Courts may consider such documents because there are no concerns about a plaintiff's lack of notice when the plaintiff has relied on that document in drafting the complaint. *Id.* Furthermore, a plaintiff cannot be allowed to improperly "survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Id.; see also, e.g., Arcand v. Brother Int'l Corp.,* 673 F. Supp. 2d 282, 292 (D.N.J. 2009), *New Hampshire Ins. Co. v. Dielectric Commc'ns, Inc.,* 872 F. Supp. 2d 458, 460-1 (E.D. Pa. 2012).

To consider such a document, the complaint need not "explicitly rely[]" on the defendant's attachment. *Burlington Coat Factory*, 114 F.3d at 1426. Rather, the essential requirement is that the plaintiff's claim be "based on that document." *Id.* Finally, the document attached must be undisputedly authentic in order to be considered. *White*, 998 F.2d at 1196.

In evaluating the pending motion to dismiss, the Court may properly consider the letter attached to the Defendant's motion

13

to dismiss.  Brusco's suit arises from the alleged improper adjustment of his claim; specifically, Brusco claims that "defendant improperly adjusted" his claim and that he "did not receive proper payment through the coverage for which he had originally contracted with Defendant." (Comp. ¶ 7.)  While this is not an explicit reference to any written denial letter, Brusco's allegation that his claim was improperly adjusted relies upon some denial of his insurance benefits having occurred.  The key reference indicating that any portion of Brusco's claim was not paid is the Defendant's letter.  There is no reasonable dispute about the letter's authenticity, as it references the identical policy number covering the exact property address referenced in the Complaint. (<u>Compare</u> Def.'s Mot. to Dismiss, Ex. C <u>with</u> Compl. ¶ 5)  In alleging that his claim was not paid in full, Brusco implicitly incorporates the December 13, 2012 letter into his Complaint.  Consequently, allowing Brusco's suit to go forward, in light of the denial letter and its date, could permit Brusco to survive a motion to dismiss by failing to attach a material document upon which it relied to its complaint, the avoidance of which is a stated purpose of the *White* exception.

Thus, the remaining issue is whether the December 13, 2012 letter constitutes a full or partial written denial, sufficient to trigger § 4072's one-year statute of limitations.  The

14

standard for what constitutes a written denial is generally very broad. For example, where a covered property contained two separate buildings, an insurer's letter denying claims with respect to one building but paying claims on the other building was still sufficient to trigger the SFIP one-year statute of limitations for the entire claim. *Lionheart* 368 F. App'x. at 285. In that case, a subsequent lawsuit, filed seventeen months later over additional claims on the buildings, was barred by the statute of limitations. *Id.* at 283.

Turning to Brusco's claim, though Nationwide's letter enclosed a check for a portion of Brusco's claimed damages, Nationwide's letter specifically explains that it was "denying all non-covered items located in the basement" and includes the statement that this letter is a "decision to deny your claim." (Def.'s Mot. to Dismiss, Ex. C) This letter clearly denies Brusco's claim for flood damage to his basement from Hurricane Sandy. It matches the address of the covered property and policy number, and contains a date -- December 13, 2012 -- clearly displayed at the top of the letter. Despite its enclosed partial payment, the letter constitutes a partial written denial of Brusco's claim. The statute of limitations was therefore triggered on that date, and Brusco had one year from that date to file his lawsuit. The pending suit was filed February 12, 2014, and the Court must therefore dismiss Brusco's

claim as barred by the NFIA's statute of limitations.  Based on this Court's dismissal of Counts I and II, Plaintiff's claim for legal fees and consequential damages will be dismissed as moot. An appropriate Order accompanies this Opinion.


Date: 6-26-14

                              s/ Joseph E. Irenas
                              **JOSEPH E. IRENAS, S.U.S.D.J.**